# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

FILED
OCT 19 2017
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, as Partial Subrogee for CHRSTOF VON RABENAU, <br><br> Plaintiff, <br><br> vs. <br><br> GATEWAY HOSPITALITY GROUP, INC.; BOZEMAN LODGING INVESTORS, LLC; HILTON GARDEN INN-BOZEMAN; and JOHN DOES I through V, <br><br> Defendants. | No. CV-17-78-BU-SEH <br><br> **ORDER** |

This case was filed on October 16, 2017. Diversity jurisdiction is claimed.[1]

However, the requisite diversity of citizenship necessary to establish diversity jurisdiction is not pleaded.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[1] Doc. 1 at 3.

> costs, and is between—
>
> > (1) Citizens of different States;

28 U.S.C. § 1332 (a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2016). It is to be strictly construed. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941)(citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists. *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

The Complaint names three entity parties: Twin City Fire Insurance Company, Gateway Hospitality Group, Inc., and Bozeman Lodging Investors, LLC.

A corporation, for purposes of diversity, is a citizen of both the state of incorporation and of the state in which it has its principal place of business. *Montrose Chemical Corp. v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997); 28 U.S.C. §1332(c)(1). The corporate citizenship of Twin City Fire Insurance Company and Gateway Hospitality Group, Inc. is not properly pled. 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Gateway Hospitality Group, Inc. is

"authorized to do business[] in the state of Montana,"[2] but plaintiff fails to allege its state of incorporation. No principal place of business is alleged for Twin City Fire Insurance Company or Gateway Hospitality Group, Inc. It is thus impossible for the Court to determine whether complete diversity exists.

The Complaint names one entity defendant that appears to be a limited liability company: Bozeman Lodging Investors, LLC.

While a limited liability company (LLC) resembles both a partnership and a corporation, they are treated as "partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Here, Plaintiff fails to allege the citizenship of Bozeman Lodging Investors, LLC. The citizenship of each individual member is not alleged. It is thus impossible for the Court to determine whether complete diversity exists.

The Complaint also names Hilton Garden Inn-Bozeman as a defendant and describes it as "a business located in Bozeman, Montana, operating principally as a hotel."[3] It is unclear to the Court whether Hilton Garden Inn-Bozeman is a distinct legal entity or an assumed business name of one of the other defendants.

---

[2] Doc. 1 at 2.

[3] Doc. 1 at 2.

The Court cannot discern whether it is a distinct "Citizen" for the purposes of 28 U.S.C. § 1332 (a)(1), and it is thus impossible for the Court to determine whether complete diversity exists. *See, e.g., Andreoni v. Forest City Enterprises, Inc.*, 660 F. Supp. 2d 254, 259-60 (D. Conn. 2009).

Fed. R. Civ. P. 12(h)(3) and applicable case law provide that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(citation omitted).

ORDERED:

This case will be dismissed on October 25, 2017, unless Plaintiff files an amended pleading properly alleging jurisdiction on or before that date.

DATED this 19th day of October, 2017.

SAM E. HADDON
United States District Court